Judge Mills
delivered the opinion of the court.
This is a bill with an injunction to a judgment at law *544 on a bond for money. The main object of the bill is to obtain relief for all the interest due by the bond and judgment, as also for one credit claimed upon the bond. It appears that Anne B. West, through the agency of John Peake, as her attorney in fact, had sold to Travis Davis, the complainant in the court below, a tract of land, and that after partial payments were made, two bonds were given for the balance, one of which is paid, and the other is the one on which judgment is obtained. At the date of these two bonds, the said Anne B. West, by her attorney in fact, executed an instrument of writing, reciting that doubts had arisen in the mind of Davis, in consequence of his being informed of other claims in the land, and that to satisfy him, she bound herself to furnish said Davis with a full and well authenticated relinquishment of all and every person or persons that claimed or might thereafter claim, by or through any contract made by Charles West (her ancestor) in his life time, or any other person since, that might tend to disturb said Davis on the land—and that obligation was to stand to indemnify Davis, or stand as a bar against his two bonds executed of the same date. On this instrument the complainant relies as a release from interest. The court below gave a partial credit, and dissolved the injunction for the residue of the demand with damages, giving to Davis the complainant, his costs in that court.
From this decree Davis has appealed to this court, and now assigns for error, that the court below erred in not sustaining the bill and giving relief. We have not thought it necessary to decide how far the instrument relied on should have the effect of extinguishing the interest due on the bond of Davis, nor have we gone into an enquiry into the details of the decree, to see whether the complainant in that court obtained a decree for less than he was entitled to on the score of partial payments. For it appears by the bill and answers, and every exhibit in the cause, that the land really belonged to Anne B. West—that she sold it through the instrumentality of her agent, Peake, and that she by the same agent gave the instrument relied upon to extinguish interest. And although the note or bond on which the judgment at law is founded, does not appear in the record by which it might be seen whether that bond and the judgment upon it, was in the name of Anne B. West or John Peake, her agent, yet it is clear from this record that she is the person beneficially interested, and that the subject *545 matter of the contest is really hers. Nor is there any suggestion that Peake has any interest except as her agent or trustee, and she is not made party to the suit. It is evident then, that neither the court below or this court ought to give any decree affecting her interest, or extinguishing her claims to the money in question, without she was before the court. The complainant below and appellant here, has not thought proper to question the propriety of this decree without proper parties, but by his assignment of error, complains to this court that greater relief on the merits is not afforded him. This relief cannot be granted. For Anne B. West is evidently a necessary and essential party to such a decree before it could bind her, and without her, that relief must be refused. The decision of the court below must, therefore, be affirmed with costs, and damages upon the damages given in the court below on the dissolution of the injunction there.
A person whose lands are sold by an agent, is a neces’ry party to any bill bro’t for relief against the sale even tho’ the bond for the considration be payable toth' agent.
B. Hardin, for appellant.